C. L. MOREHEAD v. S. T. HOBBS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—748.]

**Duty of Guardian to His Ward.**

Where a guardian acts honestly in making investments for his ward, and out of his own means improves land bought for his ward, thus giving to the land its rental value, he should be allowed to take the rents thereof to repay himself; but if he has sold valuable timber off the land he must be charged with the value less his labor in preparing it for market.

Relationship of Guardian and Ward.

Where a ward is the sister of the guardian and lives with him, and he desires to charge her for her board, he may legally do so.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

April 6, 1886.

Opinion by Judge Pryor:

In these consolidated actions involving the rights of these parties growing out of the relation of guardian and ward, volumes of testimony have been taken that shed but little light on the questions involved and leave at last for determination in this court the rights only of the ward as against the guardian growing out of the latter's purchase of the swamp land.

The investment of the ward's money in the house and lot, the title to which proved defective, was disregarded by the chancellor, and the guardian, as it seems, by consent took this property and was held liable to the ward for the money.

As to the Peitt land there seems to be no reason for disturbing the investment, and in fact we find nothing in this record indicating bad faith or a purpose to wrong the appellee (the sister) out of any part of her estate. The guardian might have been more liberal in his dealings with his sister and ward; still if he saw proper to charge her with board, and to make such other charges as a guardian would be entitled to make if his ward had been a stranger in blood, the chancellor can not appeal to his generosity or deny him the right to credits to which he is clearly entitled. His purchase of the swamp land or his ward's part of it was not in bad faith, as he seems to have believed that he had this right, and his attempting to improve the land and making no concealment as to his claim of ownership indicates an absence of any intention to purposely defraud his sister. He made, as this proof shows, valuable improvements on this land in the way of clearing it up, putting some of it in meadow, building a cabin and digging a well, that gave to the land all of its rental value. It had no such value before these improvements were made, and therefore we see no reason why the guardian should not be allowed the value of the rents or the use of this land until compensated for the lasting and valuable improvements made on the premises and out of his own means.

For such improvements as were lasting and valuable enhancing the rental value of the land he should be allowed the value. When compensated then the rents should go to the ward, and in no event should the entire improvements exceed the entire value of the rent. It appears that the appellant cut cypress timber on the premises and had it made into shingles. The value of these shingles when made, less the labor and expense of making them, the ward is entitled to and to any damage the land may have sustained in value by any unnecessary waste of timber for other purposes. Of course the value of any timber sold the guardian is liable for.

Much of this large record should not have been brought to this court and the cost of one-half of the same must be charged to the appellant. This judgment is *reversed* and remanded for proceedings consistent with this opinion.

*Affirmed* on the cross-appeal.

*Wm. Lindsay and J. C. Thompson, for appellant.*

*A. Duvall and Chas. Eaves, for appellees.*